UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT SILVIA, JR.

    Plaintiff,

-vs-                                                    Case No: 08-cv-02521

K-SEA TRANSPORTATION,

    Defendant.

_____/

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, by and through counsel undersigned, complaining against Defendant as follows:

1. Jurisdiction and venue lie in this action, Defendant conducting business within this forum's boundaries.

2. Jurisdiction is founded under the Jones Act (46 USC 30104) for negligence, and under the General Maritime Law for maintenance, cure, and wages.

3. Any arbitration agreement that Defendant portends bars this action, in whole or in part, was affected by fraud, undue influence and/or overwhelming bargaining power, and enforcement would be unreasonable and unjust; moreover, such proceedings in the contractual forum will be so gravely difficult and inconvenient that the Plaintiff will for all practical purposes be deprived in his day in Court. 9 USCA §2.

## COUNT I

4. Plaintiff incorporates by reference each and every allegation contained in numbers

1

1 and 2 above as if fully restated herein.

5. At all times material to issues herein Plaintiff served as an employee of Defendant serving as a crew member aboard its vessels, with all acts and/or omissions giving rise to this action occurring in the course of Plaintiff's employment in the service of his ship.

6. On or about April 9, 2005 Plaintiff was handling a line hook and/or shackle which became snagged when because of said failure to provide a safe place to work and seaworthy vessel he was injured.

## COUNT II

7. Plaintiff incorporates by reference each and every allegation contained in numbers 1 and 5 above as if fully restated herein.

8. Following the aforesaid incident of injury, Plaintiff was re-assigned back to heavy work activities after July 20, 2005, even though insufficiently recovered to perform same when as a result of said failure to exercise reasonable care in his reassignment and/or assign adequate distance to perform those activities which he otherwise should not have been, Plaintiff re-injured and/or aggravated, the aforesaid injury and/or caused injury anew, because of Defendant's failure to exercise reasonable care and provide a seaworthy vessel.

## DAMAGES

9. Plaintiff incorporates by reference each and every allegation contained in numbers 1 and 7 above as if fully restated herein.

10. Defendant's tortious acts aforesaid caused or contributed to Plaintiff's damages, **inter alia**, as follows:

   a. Pain and suffering, past future;

    b.    Mortification, humiliation, fright shock and embarrassment;

    c.    Loss of earnings and earning capacity;

    d.    Hospital, pharmaceutical and other cure expenses;

    e.    Aggravation of prior condition, if any there be;

    f.    Inability to engage in social, recreational, and other pursuits previously enjoyed;

    g.    Mental anguish;

    h.    Found;

    i.    Maintenance, cure, wages and/or attorney fees.

WHEREFORE, Plaintiff demands trial by jury and judgment against Defendant, together with interest, costs, attorney fees and expenses, all to be methodically adjusted upwards during the pendency of this cause.

                          O'BRYAN BAUN COHEN KUEBLER KARAMANIAN

                          DENNIS M. O'BRYAN
Attorney for Plaintiff
401 S. Old Woodward, Ste. 450
Birmingham, MI 48009
(248) 258-6262
(248) 258-6047
dob@obryanlaw.net

DATED: April 18, 2008

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 18th day of April, 2008 the foregoing was sent to the court via first class mail, emailed and was forwarded via fax to:

Thomas M. Canevari
FREEHILL, HOGAN & MAHAR, LLP
80 Pine Street
New York, NY 10005