175-08/TMC
FREEHILL HOGAN & MAHAR LLP
Attorneys for Defendant
80 Pine Street
New York, NY 10005
(212) 425-1900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

ROBERT SILVIA, JR.,

                Plaintiff,

- against -

K-SEA TRANSPORTATION,

                Defendant.
---------------------------------------------------------X

08-CV-02521 (Judge Swain)

**ANSWER TO FIRST AMENDED COMPLAINT**

      Defendant, K-SEA TRANSPORTATION, INC. (hereinafter "K-SEA"), sued herein as "K-SEA TRANSPORTATION," by its attorneys, Freehill, Hogan & Mahar LLP, as and for its Answer to the Amended Complaint ("Complaint"), alleges upon information and belief as follows:

      1)     Paragraph 1 of the Complaint is a statement of law, to which no response is required. To the extent that a response is required, Defendant does not contest personal jurisdiction.

      2)     Paragraph 2 of the Complaint is a statement of law, to which no response is required. To the extent that a response is required, Defendant does not contest subject matter jurisdiction, other than that Plaintiff's claims should be arbitrated rather than litigated before this Court.

NYDOCS1/304902.1

3) Paragraph 3 of the Complaint is a statement of law to which no response is required. Other than admitting that Plaintiff has signed an agreement to arbitrate his claims against K-Sea, denies the remaining allegations contained in Paragraph 3 of the Complaint.

4) As its response to paragraph 4 of the Complaint, K-SEA repeats and realleges its Answers to Paragraphs 1 through 2 of the Complaint as if fully set forth at length herein.

5) Other than admitting that at times Plaintiff was employed by K-SEA as a seaman, denies the remaining allegations contained in Paragraph 5 of the Complaint.

6) Denies the allegations contained in Paragraph 6 of the Complaint.

7) As its response to paragraph 7 of the Complaint, K-SEA repeats and realleges its Answers to Paragraphs 1 through 5 of the Complaint as if fully set forth at length herein.

8) Denies the allegations contained in Paragraph 8 of the Complaint.

9) As its response to paragraph 9 of the Complaint, K-SEA repeats and realleges its Answers to Paragraphs 1 through 7 of the Complaint as if fully set forth at length herein.

10) Denies the allegations contained in Paragraph 10 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

11) This matter should be dismissed or stayed pending arbitration in New York pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. §1 *et seq*, and CPLR §7503, based on the Partial Release and Claims Arbitration Agreements executed on or about July 20, 2005 and August 25, 2005 by Plaintiff and K-Sea Transportation, Inc., which require arbitration of all claims related to Plaintiff's alleged incident on the Tug TAURUS on or about April 9, 2005.

### SECOND AFFIRMATIVE DEFENSE

12) Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

### THIRD AFFIRMATIVE DEFENSE

13) Plaintiff's claims are barred in whole or in part by the doctrine of release and payment.

### FOURTH AFFIRMATIVE DEFENSE

14) The Complaint, or parts of the Complaint, fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

15) Plaintiff's injuries, in whole or in part, were caused by his own

negligence and any damages awarded against Defendant should be reduced to the extent that Plaintiff's negligence caused his injuries.

### SIXTH AFFIRMATIVE DEFENSE

16)   Defendant's liability, if any, is limited pursuant to the provisions of the Limitation of Liability Act of 1851.46 U.S.C., §30505 et. seq.

### SEVENTH AFFIRMATIVE DEFENSE

17)   Plaintiff failed to mitigate his damages.

### EIGHTH AFFIRMATIVE DEFENSE

18)   Plaintiff paid maintenance and cure and settlement advances on account of the alleged injuries and/or illnesses which are the subject matter of this action.  Any award must be reduced by the amount of said settlement advances.

### NINTH AFFIRMATIVE DEFENSE

19)   Plaintiff's alleged injuries, if any, were caused by the negligence, or other acts, on the part of persons or entities for whom K-Sea is not responsible.

### TENTH AFFIRMATIVE DEFENSE

20)   Plaintiff has reached maximum medical improvement.

## ELEVENTH AFFIRMATIVE DEFENSE

21) Plaintiff is not entitled to maintenance and cure to the extent that he intentionally and/or knowingly concealed pre-existing medical conditions.

## TWELFTH AFFIRMATIVE DEFENSE

22) K-Sea Transportation Inc. was not and is not the owner of any of the vessels that Plaintiff worked on and therefore owed no duty of seaworthiness to Plaintiff.

WHEREFORE, Defendant respectfully demands that:

1. This Court enter an Order dismissing this action and/or staying this action pending the outcome of the arbitration;
2. That Plaintiff's complaint be dismissed and that Judgment be entered for Defendant in this action; and
3. That this Court grant Defendant such other, further and different relief as the Court may deem just and proper.

Dated:   New York, New York
         July 31, 2008

                              FREEHILL HOGAN & MAHAR LLP
                              Attorneys for Defendant
                              K-Sea Transportation, Inc.

                        BY:   _____
                              Thomas M. Canevari
                              80 Pine Street
                              New York, NY 10005
                              (212) 425-1900

TO: Dennis M. O'Bryan, Esq. **BY ECF**
O'Bryan Baun Cohen Kuebler
401 S. Old Woodward, Suite 320
Birmingham, MI 48009

Roberta E. Ashkin, Esq. **BY ECF**
580 Broadway, Suite 906
New York, NY 10012