175-08/TMC
FREEHILL HOGAN & MAHAR LLP
Attorneys for Defendant
80 Pine Street
New York, NY 10005
(212) 425-1900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

ROBERT SILVIA, JR.,

                Plaintiff,

- against -

K-SEA TRANSPORTATION,

                Defendant.
-------------------------------------------------X

08-CV-02521 (Judge Swain)

**PRELIMINARY PRE-TRIAL STATEMENT**

    a.    **A concise statement of the nature of this case.**

Crewmember personal injury brought pursuant to the Jones Act (46 USCA 30104), and general maritime law for unseaworthiness.

    b.    **A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.**

**Plaintiff's Response:**    Jones Act, 46 USCA 30104, and 28 USC 1333 for general maritime law.

**Defendant's Response:**    Defendant does not contest Plaintiff's claim for subject matter jurisdiction.

    c.    **A concise statement of all material uncontested or admitted facts.**

On or about April 9, 2005, Plaintiff was employed by K-Sea Transportation, Inc. as a seaman. There is no claim for outstanding maintenance and cure.

NYDOCS1/310838.1

d.  A concise statement of all uncontested legal issues.

**Plaintiff's Response:**   N/A

**Defendant's Response:**   N/A

e.  A concise statement of all legal issues to be decided by the Court.

Whether this action should be ordered to arbitration.

f/h.  Each party's concise statement of material disputed facts.

> A concise statement of each plaintiff and each counterclaimant of the legal basis for cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.
>
> Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations of all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.

**Plaintiff's Response:**   Whether the following alleged events resulted from negligence and/or unseaworthiness on Defendant's part and whether they caused Plaintiff damages:

On or about April 9, 2005, Plaintiff was handling a line hook and/or shackle which became snagged when because of said failure to provide a safe place to work and seaworthy vessel he was injured.

Following the aforesaid incident of injury, Plaintiff was reassigned back to heavy work activities after July 20, 2005, even though insufficiently recovered to perform same when as a result of said failure to exercise reasonable care in his reassignment and/or assign adequate distance to perform those activities which he otherwise should not have been, Plaintiff re-injured and/or aggravated, the aforesaid injury and/or caused injury anew.

Under the Jones Act, Plaintiff must prove negligence and under the unseaworthiness doctrine Plaintiff must prove that the vessel or crew or procedures involved were not reasonably fit for their intended use.

**Defendant's Response:** Defendant denies that Plaintiff was injured as claimed. Defendant further denies that Plaintiff's alleged injuries were caused by Defendant's negligence or the unseaworthiness of its vessels. Defendant also denies that it was the owner of any vessel that Plaintiff claims to have been injured on and as such, did not owe Plaintiff a duty of seaworthiness. Defendants further contend that Plaintiff's own negligence caused his alleged injury, that he had undisclosed pre-existing arm and shoulder complaints and that he has failed to mitigate his damages.

Plaintiff returned to work following the April 9, 2005 incident and signed a partial release and claims arbitration agreement in which he agreed to arbitrate any claims that are related to the April 9, 2005 incident.

A seaman may be compelled to arbitrate his Jones Act/general maritime law claims against his employer. Plaintiff has the burden to show why the agreement should not be enforced. Federal Arbitration Act, 9 U.S.C. § 1 *et seq*; CPLR §7503; *Terrebonne v. K-Sea Transp. Corp., et al.*, 477 F.3d 271 (5th Cir. 2007); *Endriss v. Eklof Marine Corp.*, 1999 A.M.C. 556 (S.D.N.Y.1998); *Barbieri v. K-Sea Transportation*, 2007 A.M.C. 339 (E.D.N.Y. 2006), *Barbieri v. K-Sea Transportation*, ___ F. Supp. 2d ___ (E.D.N.Y. July 23, 2008); *Schreiber v. K-Sea Transportation*, 9 N.Y.3d 331, 879 N.E. 2d 733, 849 N.Y.S. 2d 194 (2007). The *Terrebonne* case involved a Partial Release and Claims Arbitration Agreement similar to the one signed by Plaintiff in this case.

Plaintiff continued to work for K-Sea until July 26, 2006 without any arm or shoulder complaints. He underwent and passed an annual physical examination on February 27, 2006.

Plaintiff stopped working as a result on a non job related foot injury. In November 2006 Plaintiff advised K-Sea that he had injured his shoulder during the summer, when he was not working on a K-Sea vessel. Plaintiff did not receive any treatment for his arm/shoulder between June 2005 and November 2006.

Plaintiff was released to return to work, with restrictions, on August 14, 2007. Plaintiff was released to return to work, without restrictions, on May 18, 2008. Plaintiff was paid $22,665.60 in settlement advances.

Defendant's defenses other than the First Affirmative Defense are based on general maritime law and various cases interpreting the Jones Act, the Doctrine of Unseaworthiness and the Limitation of Liability Act, 46 U.S.C. §30505 et. seq.

    i.      **A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.**

The measure of proof is the preponderance of the evidence. Plaintiff bears the burden of proof on the issues of negligence, unseaworthiness and damages. Defendant has the burden to prove contributory negligence/comparative negligence, pre-existing conditions and any failure by plaintiff to mitigate his damages.

    j.      **Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefore.**

45 days following order re arbitration, if denied.

    k.      **A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).**

Not at this time.

    l.      **What, if any, changes should be made in the timing, form or requirements for disclosures under Fed.R.Civ.P. 26(a), including a statement as to when any disclosures required under Fed.R.Civ.P. 26(a)(1) were made or will be made.**

30 days following arbitration order if denied by the Court.

    m.      **The subjects on which disclosure may be needed and a proposed discovery cut-off date.**

Negligence/unseaworthiness, damages, medical issues.

Discovery cut-off 150 days following order re arbitration, if denied.

    n.      **Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.**

Plaintiff's Expert Disclosure 90 days following arbitration order if denied. Defendant's Expert Disclosure 120 days following arbitration order, if denied. Defendant anticipates retaining medical and liability experts. All expert depositions are to be completed before discovery cutoff.

NYDOCS1/310838.1

o.  What, if any, changes should be made in the limitations of discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of the Court, and what other limitations should be imposed.

None presently.

p.  The status of settlement discussions and the prospects for settlement of the action in whole or in part, <u>provided</u> that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.

Under discussion.

q.  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.

**Plaintiff's Response:**    Jury; 2-3 days.

**Defendant's Response:**    If Plaintiff is not compelled to arbitrate claim, jury trial 1-2 days.

r.  Any other orders that should be entered by the Court under Fed.R.Civ.P. 26(c) or Fed.R.Civ.P. 16(b) and (c).

None.

NYDOCS1/310838.1

6

Dated:     New York, New York
           August 18, 2008

                    O'BRYAN BAUN COHEN KUEBLER
                    Attorneys for Plaintiff

BY:   */s/ Dennis O'Bryan/*
      Dennis O'Bryan, Esq.
      401 S. Old Woodward, Suite 320
      Birmingham, MI 48009

      FREEHILL HOGAN & MAHAR LLP
      Attorneys for Defendant

BY:   */s/ Thomas M. Canevari/*
      Thomas M. Canevari
      80 Pine Street
      New York, NY 10005
      (212) 425-1900

NYDOCS1/310838.1